UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN PROFITT,<br>　　　　Petitioner,<br>　v.<br>ROB HOWE, et al.,<br>　　　　Respondents. | Case No. 17-cv-07136-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Marvin Profitt, a former prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

A jury found petitioner guilty of five counts related to several felony and misdemeanor charges for Driving Under the Influence ("DUI"). *People v. Profitt*, 8 Cal. App. 5th 1255, 1258 (Cal. Ct. App. Feb. 27, 2017). The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Docket No 1 at 3. Petitioner completed his sentence and supervised release on July 10, 2017. *Id*. He states that he still has to pay restitution and complete a nine-month DUI course. *Id*.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## LEGAL CLAIMS

As grounds for federal habeas relief, petitioner asserts that: (1) trial counsel was ineffective due to his closing arguments; and (2) trial counsel was ineffective for failing to file motions to dismiss pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California and respondent Rob Howe, Chief Probation officer for Lake County, who has already appeared in this action. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 23, 2018

JAMES DONATO
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

MARVIN PROFITT,

    Plaintiff,

v.

ROB HOWE, et al.,

    Defendants.

Case No. 17-cv-07136-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 23, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin Profitt
4678 Inyo Way
Kelseyville, CA 95451


Dated: August 23, 2018

                                      Susan Y. Soong
                                      Clerk, United States District Court


                                      By: *Lisa R. Clark*
                                      LISA R. CLARK, Deputy Clerk to the
                                      Honorable JAMES DONATO