UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN PROFITT,

    Petitioner,

  v.

ROB HOWE, Chief Probation Officer, Lake County Probation Department, XAVIER BECERRA, Attorney General of the State of California,

    Respondents.

Case No. 17-cv-07136-JD (PR)

**ORDER DENYING MOTIONS TO DISMISS; DIRECTING PETITIONER TO PROVIDE NOTICE RE: HOW HE WISHES TO PROCEED WITH UNEXHAUSTED CLAIMS**

Re: Dkt. Nos. 12, 14

Marvin Profitt, a former state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents have filed separate motions to dismiss. The motions are denied. However, Robert Howe is terminated as a respondent. Because two of Profitt's three federal claims are not exhausted, he is granted leave to file an amended petition asserting only the exhausted claim or to file a motion to stay and abey his petition while he exhausts his unexhausted claims in state court.

**BACKGROUND**

A jury found Profitt guilty of five counts related to several felony and misdemeanor charges for Driving Under the Influence ("DUI"). *People v. Profitt*, 8 Cal. App. 5th 1255, 1258 (Cal. Ct. App. Feb. 27, 2017). The California Court of Appeal affirmed the conviction. *Id.* The California Supreme Court denied review. Amended Petition at 3; ECF No. 10-3. Profitt completed his sentence and supervised release on July 10, 2017. *Id.* His federal petition was filed on December 14, 2017. ECF No. 1. His petition asserts three claims of ineffective assistance of trial counsel, based on: (1) counsel's closing argument; (2) counsel's failure to file a motion to

dismiss under *Arizona v. Youngblood*, 488 U.S. 51 (1988) (failure to preserve relevant evidence); and (3) counsel's failure to file a motion to dismiss under *Brady v. Maryland*, 373 U.S. 83 (1963) (suppression of exculpatory evidence).

**DISCUSSION**

**I. CUSTODY**

Both respondents argue the petition must be dismissed because Profitt was not in custody at the time he filed it.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not require that a prisoner be physically confined. *Maleng*, 490 U.S. at 491. A petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains the petitioner's liberty, *see, e.g., Dow v. Cir. Ct.*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to 14 hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

Profitt asserts several arguments to show he was in custody on December 14, 2017, the day he filed his petition. The most persuasive is that, as part of his sentence, the court ordered he "participate effectively in those programs of counseling in which he is directed to participate by the probation officer. Including, enrollment and successful completion of an AODS (alcohol and other Drug Services) program." Ex. E.; ECF No. 15 at 18 (portion of superior court sentencing minutes); Resp's Ex. D.; ECF No. 12-1 at 35 (same). Profitt presents evidence that, on October 27, 2016, he enrolled in a Second Offender program under California Vehicle Code § 23152 (driving under the influence) that was to last 18 months. Ex. F; ECF No. 15 at 20. He argues that, because the program lasted 18 months, on December 14, 2017, he was still enrolled in it.

*Dow* held that mandatory attendance at a 14-hour alcohol abuse rehabilitation program, which required Dow's physical presence at a particular place, significantly restrained his "liberty to do those things which free persons in the United States are entitled to do and, therefore, must be characterized, for jurisdictional purposes, as "'custody.'" *See Dow*, 995 F.2d at 923. Under *Dow*,

Profitt's enrollment in an 18-month alcohol rehabilitation program is sufficient to establish "custody" at the time he filed his petition.

Respondents argue that the 18-month class does not mean Profitt was in custody because the Probation Department terminated its supervision of Profitt before he filed his federal petition and Profitt is taking the alcohol rehabilitation class from the Department of Motor Vehicles so that he can have his driver's license reinstated. Respondent Becerra submits the declaration of Teddi Walker, Profitt's probation officer, who states that the probation office ended Profitt's period of mandatory supervision on July 10, 2017 and closed his file on July 13, 2017. Regarding the alcohol and drug counseling program ordered by the court, Walker states: "I did not order Mr. Profitt to engage in any alcohol and drug counseling because Mr. Profitt was independently taking classes through the California Department of Motor Vehicles in an effort to get his driver's license reinstated. It was determined that these classes were sufficient for the purposes of Mr. Profitt's rehabilitation during his period of mandatory supervision and that Mr. Profitt did not need an additional obligation. . . . I have no control over the California Department of Motor Vehicles, its administrative processes, or its requirements for the reinstatement of driving privileges."[1] Profitt declares, "I was told by the probation department if I enrolled in the DDP program they would not make me do the AODS program."

Profitt's sentence of mandatory supervision required his "enrollment and successful completion of an AODS program," which the probation officer would direct him to participate in. Thus, Profitt's sentence, like the sentence in *Dow*, included enrollment and completion of an alcohol and drug program. The only difference is that Profitt's probation officer terminated Profitt's mandatory supervision before he completed the alcohol rehabilitation program. However, under the court's order, Profitt had to successfully complete the program. Because, when Profitt filed his petition, he was still enrolled in the alcohol treatment program ordered in his

---

[1] Profitt objects to Walker's declaration because it is declared "in good faith based on the information and belief that the foregoing is true and correct," rather than "under penalty of perjury." For purposes of this motion, the Court overrules the objection. However, even accepting the declaration, the Court finds the 18-month class established Profitt was in custody at the time he filed his petition.

sentence, he was in "custody" for purposes of habeas jurisdiction.

Therefore, the motions to dismiss based on lack of custody are denied.

**II. Proper Respondent**

Respondent Rob Howe, Lake County Chief Probation Officer, argues he is not a proper respondent in this action because the petition fails to allege any evidence or claims against him.

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under § 2254). Failure to name the custodian as a respondent deprives federal courts of personal jurisdiction. *Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). This person typically is the warden of the facility in which the petitioner is incarcerated. *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Ortiz-Sandoval*, 81 F.3d at 894. In other cases, the petitioner may name the state attorney general. *Id.*; *Belgarde*, 123 F.3d at 1212.

Respondent Howe misunderstands the purpose of a respondent in a habeas action. Unlike a civil rights action, where the complaint must contain allegations that the defendant violated the plaintiff's constitutional rights, in a habeas action the respondent is the person who has custody of the petitioner. Arguably, the Lake County Probation Department is a proper respondent because it has the responsibility, given to it by the superior court, to ensure Profitt completes his alcohol rehabilitation program.

However, there is no need for two respondents in this action. Because Xavier Becerra, the Attorney General of the State of California, is a proper respondent, Howe is terminated as a respondent.

**III. Exhaustion**

Respondent Becerra argues Profitt's second and third federal claims are unexhausted because he did not submit his second claim to the California Supreme Court and he did not submit

4

his third claim to the California Court of Appeal or the California Supreme Court.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State Supreme Court, claim not fairly presented). The exhaustion requirement is not jurisdictional, but rather a matter of comity. *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). However, a district court may not grant the writ unless state court remedies are exhausted or exhaustion there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B).

The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals. *Id.*; *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

The Court has reviewed the opinion of the California Court of Appeal and the petition Profitt submitted to the California Supreme Court. Resp's. Exs. A and G.[2] Profitt submitted his first two federal claims to the Court of Appeal. These claims are ineffective assistance of counsel based upon (1) counsel's closing argument and (2) counsel's failure to move for dismissal because the police did not preserve relevant evidence (*Youngblood* claim). Profit only submitted the ineffectiveness claim based on counsel's closing argument to the California Supreme Court. Therefore, his ineffectiveness claims based on *Youngblood* and *Brady* are not exhausted. In his opposition, Profitt argues "the substance of all petitioner's claims was presented to the State Courts." This conclusory statement is not sufficient to show he exhausted his state court remedies.

Because this is a mixed petition, Profitt will be given the opportunity to proceed in one of three ways. First, he may file an amended petition containing his one exhausted claim. Second, he may file a motion to stay and abey his petition under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court stated that a stay and abeyance of a mixed federal petition was available only in the limited circumstances where: (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claims at issue potentially have merit; and (3) there has been no indication that the petitioner was intentionally dilatory in pursuing

---

[2] Neither party has submitted Profitt's petition to the Court of Appeal.

the litigation. *Id.* at 277-78.

Third, Profitt may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to use the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.[3]

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motions to dismiss are denied.

2. The Clerk of the Court shall terminate Rob Howe as a respondent.

3. Within **twenty-eight (28) days** of service of this order, Profitt must inform the Court of which option he intends to follow and either file an amended petition with only the exhausted claims or file a motion to stay following either the *Rhines* or *Kelly* procedures as described above. Failure to respond within the designated time may result in the dismissal of this action.

4. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[3] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.**

Dated: May 3, 2019

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA

MARVIN PROFITT,

    Plaintiff,

v.

ROB HOWE, et al.,

    Defendants.

Case No. 17-cv-07136-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marvin Profitt
4678 Inyo Way
Kelseyville, CA 95451


Dated: May 3, 2019

    Susan Y. Soong
    Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

8